IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GOLD'S GYM, L.L.C., GOLD'S GYM, and )
GOLD'S GYM INTERNATIONAL, INC., )
                                               )
         Plaintiffs, )
                                               )
vs.                                       )       CIVIL NO. 09-147-GPM
                                               )
TEAM TAN INC. and TODD J. BECKMAN, )
                                               )
         Defendants. )

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

       The Court has reviewed the allegations of federal subject matter jurisdiction asserted in the complaint filed on February 26, 2009 (Doc. 2). *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *see also Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) (noting that a federal court "has an independent duty to satisfy itself that it has subject-matter jurisdiction").

       Plaintiffs seek to invoke the Court's diversity jurisdiction, which requires of course that the parties to a case be of diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000). Unfortunately, Plaintiffs have not properly alleged the citizenship of

each party.

"[I]n a diversity case, whenever there is an unconventional party (that is, someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). In *C.T. Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the Supreme Court articulated the general rule that "every association of a common law jurisdiction other than a corporation is to be treated like a partnership." *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir.), *cert. denied*, 119 S. Ct. 339 (1998). Congress has chosen to establish special rules for determining the citizenship of certain kinds of associations - specifically, corporations, decedents' estates, and insurers named as defendants in direct actions, *see* 28 U.S.C. § 1332(c); however, because the statute is silent with respect to limited partnerships and limited liability companies, the Court must "apply the norm that all unincorporated associations are treated as partnerships." *Indiana Gas*, 141 F.3d at 318. Unincorporated business entities, *i.e.*, limited partnerships and limited liability companies, are treated as citizens of every state of which any partner or member is a citizen. *Id*. at 316-17. If Plaintiff Golds St. Louis L.L.C. is in fact a limited liability company as alleged, the Court must know the citizenship of each of its members.

For jurisdictional purposes, a corporation has two citizenship identities, "any State by which it has been incorporated," and "the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The complaint properly alleges that Plaintiff Gold's Gym International, Inc. is a citizen of Delaware and Texas, but it only alleges that Defendant Team Tan Inc. is a Missouri corporation "doing business" in Missouri. Where a company does business has no bearing on the issue of subject matter jurisdiction. The Court must know where Team Tan Inc. maintains its principal place

of business, that is, the "nerve center" where the corporation's executive headquarters and "directing intelligence" is located. *See* 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Jackson v. American Coal Co.*, No. Civ.05-4166-JLF, 2006 WL 181682, at *1 (S.D. Ill. Jan. 23, 2006); *Elmhurst Consulting, LLC v. Gibson*, 219 F.R.D. 125, 126-27 (N.D. Ill. 2003) (quoting *Wisconsin Knife Works*, 781 F.2d at 1282-83).

Moreover, the complaint says nothing about the citizenship of Plaintiff Gold's Gym. Again, if this party is a corporation, the Court must know its state of incorporation and the state where it has its principal place of business. If it is an unincorporated business entity, the Court must know the citizenship of each member, bearing in mind that if a member is a corporation, the rules mentioned above apply.

Finally, to invoke the Court's jurisdiction, Plaintiffs must allege that "the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs*." 28 U.S.C. § 1332(c)(a).

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is not satisfied that jurisdiction exists. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction). "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 199). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiffs shall file, on or before **April 17, 2009**, an

amended complaint that properly invokes this Court's subject matter jurisdiction. Failure to do so will result in the dismissal of this action for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 03/19/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge